| | |
|---|---|
| 1 | MCGREGOR W. SCOTT<br>United States Attorney |
| 2 | PAUL HEMESATH<br>Assistant United States Attorney |
| 3 | 501 I Street, Suite 10-100<br>Sacramento, CA 95814 |
| 4 | Telephone: (916) 554-2700<br>Facsimile: (916) 554-2900 |

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:15-CR-00140-MCE |
|---|---|
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER |
| v. | |
| GLADYS MONDRAGON, AND JESSICA CORRO, | DATE: May 7, 2020<br>TIME: 10:00 a.m.<br>COURT: Hon. Morrison C. England, Jr. |
| Defendants. | |

This case was set for a status conference on April 16, 2020. On March 23, 2020, this Court continued the matter to May 7, 2020. The Court's Order referenced public health and safety concerns, which are further discussed in the Court's General Order 611 and are related to the COVID-19 pandemic. This stipulation asks the Court to enter an order finding excludable time under the Speedy Trial Act, as is set forth below.

Although the General Order addresses the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—the General Order requires specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Order excludes delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendants, by and through their respective counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on April 16, 2020.

2. By the Court's own Order, the matter was continued to May 7, 2020.

3. By this stipulation, defendants now move to exclude time between April 16, 2020, and May 7, 2020, under Local Code T4.

4. The parties agree and stipulate, and request that the Court find the following:

a) The government has represented that the discovery associated with this case includes investigative reports and other evidence. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

b) Counsel for defendants desire additional time to consult with their clients, to review the current charges, to conduct investigation and research related to the charges, and to discuss potential resolutions with his/her client, to prepare pretrial motions.

c) Counsel for defendants believe that failure to grant the above-requested continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d) The government does not object to the continuance.

e) In addition to the public health concerns cited by General Order 611 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because counsel or other relevant individuals have been encouraged to telework and minimize personal contact to the greatest extent possible. It will be difficult to avoid personal contact should the hearing proceed.

f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act.

g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of April 16, 2020 to May 7, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.

5. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

| Dated: March 25, 2020 | McGREGOR W. SCOTT<br>United States Attorney |
|---|---|
| | /s/ PAUL HEMESATH<br>PAUL HEMESATH<br>Assistant United States Attorney |
| Dated: March 25, 2020 | /s/ TODD LERAS<br>TODD LERAS<br>Counsel for Defendant<br>JESSICA CORRO |
| Dated: March 25, 2020 | /s/ TASHA CHALFANT<br>TASHA CHALFANT<br>Counsel for Defendant<br>GLADYS MONDRAGON |

**ORDER**

IT IS SO ORDERED.

Dated: April 9, 2020

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT

4