LAW OFFICE OF TODD D. LERAS
Todd D. Leras, CA SBN 145666
455 Capitol Mall, Suite 802
Sacramento, California 95814
(916) 504-3933
toddleras@gmail.com
Attorney for Defendant
JESSICA CORRO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JESSICA CORRO, and GLADYS MONDRAGON,<br><br>Defendants. | Case No.: 2:15-CR-140 MCE<br><br>STIPULATION AND ORDER CONTINUING STATUS CONFERENCE AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT<br><br>Date:     August 27, 2020<br>Time:    10:00 a.m.<br>Court:    Hon. Morrison C. England, Jr. |

This matter is set for a status conference/potential change of plea hearing on August 27, 2020.  During several months since mid-March 2020, a series of national, state, and local events unfolded related to the spread of COVID-19.  The Chief Judge in response issued General Orders 612, 617, and 618.  These three orders restricted access to the federal courthouses within the district.  The first restricted public access starting on March 18, 2020.  The last order extended

ORDER CONTINUING STATUS
CONFERENCE

the courthouse restrictions until further notice.

Ms. Corro and Ms. Mondragon are released under pre-trial conditions. Both live in separate locations in Southern California. On March 19, 2020, California Governor Gavin Newsom issued Executive Order N-33-20 ordering all California residents to shelter in place unless their services are needed to perform work in critical infrastructure functions. This Executive Order prevented defense counsel and their respective clients from meeting in-person. These meetings are necessary to prepare for a change of plea hearing and to discuss the consequences of a change of plea, including immigration consequences.

A gradual easing of shelter in place restrictions throughout California occurred in May and June. The easing resulted in a spike in virus infections, particularly in Southern California, which caused Governor Newsom to reimpose tighter restrictions. These restrictions impacted the ability of counsel to conduct in-person meetings with their respective clients. This matter has previously been continued based on public health concerns related to the COVID-19 pandemic. Those concerns have not abated.

The case involves allegations of transportation and distribution of controlled substances involving locations ranging from Southern California, Nevada, Utah, and this district. The arrest of Ms. Mondragon and Ms. Corro occurred in Orland, California, approximately 100 miles from Sacramento. Investigation of the events surrounding their alleged participation in this case therefore involves an extensive area spanning at least three states.

The government has outlined a potential resolution of the case as to both Ms. Corro and Ms. Mondragon. Both defendants face potential consequences relating to their citizenship status if the matter resolves through a negotiated disposition. In addition, defense counsel for both

ORDER CONTINUING STATUS
CONFERENCE

defendants desire to conduct additional research regarding the potential impact of the First Step Act on any proposed disposition.  Defense counsel are therefore in need of additional time to conduct investigation and legal research as to the potential consequences of a negotiated settlement.

Plaintiff United States of America by and through Assistant United States Attorney Paul Hemesath, and Attorney Tasha Chalfant on behalf of Defendant Gladys Mondragon, and Attorney Todd D. Leras on behalf of Defendant Jessica Corro, stipulate as follows:

1. By this stipulation, Defendants now move to exclude time between August 27, 2020 and November 5, 2020 under Local Code T-4.  The United States does not oppose this request.

2. Due to the volume of discovery in the case and the extensive geographical distance between locations relevant to this investigation, defense counsel for Ms. Mondragon and Ms. Corro are engaged in ongoing review of the discovery and defense investigation related to potential defenses and sentence mitigation in this matter.  This investigation is necessary to ensure that potential defenses are explored and discussed with each defendant in the case.

3. Defense counsel for Ms. Mondragon and Ms. Corro represent and believe that failure to grant additional time as requested would deny each of them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

4. Based on the above-stated facts, the parties jointly request that the Court find that the ends of justice served by continuing the case as requested outweigh the best interest of the public and the Defendants in a trial within the time prescribed by the Speedy

ORDER CONTINUING STATUS CONFERENCE

Trial Act.

5. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, within which trial must commence, the time period of August 27, 2020 to November 5, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), and (B) (iv) [Local Code T-4] because it results from a continuance granted by the Court at Defendants' request on the basis that the ends of justice served by taking such action outweigh the best interest of the public and the Defendants in a speedy trial.

6. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

Assistant U.S. Attorney Paul Hemesath and Attorney Tasha Chalfant have reviewed this proposed order and authorized Todd Leras via email to sign it on their behalf.

DATED:  August 21, 2020

By   */s/ Todd D. Leras for*
PAUL HEMESATH
Assistant United States Attorney

DATED:  August 21, 2020

By   */s/ Todd D. Leras for*
TASHA CHALFANT
Attorney for Defendant
GLADYS MONDRAGON

DATED:  August 21, 2020

By   */s/ Todd D. Leras*
TODD D. LERAS
Attorney for Defendant
JESSICA CORRO

ORDER CONTINUING STATUS CONFERENCE

**ORDER**

It is hereby ordered that the status conference in this matter, scheduled for August 27, 2020, is VACATED and CONTINUED to November 5, 2020. The Court further finds, based on the representations of the parties and Defendants' request to exclude time, that the ends of justice served by granting a continuance outweigh the best interests of the public and the Defendants in a speedy trial. Time shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B)(iv) and Local Code T-4, to allow necessary attorney preparation taking into consideration the exercise of due diligence for the period from August 27, 2020, up to and including November 5, 2020.

IT IS SO ORDERED.

Dated: August 25, 2020

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE

ORDER CONTINUING STATUS CONFERENCE