UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAFAEL PAHUA-MARTINEZ,<br><br>Defendant. | No. 2:15-cr-00140-TLN<br><br><br><br>**ORDER** |

This matter is before the Court on Defendant Rafael Pahua-Martinez's ("Defendant") Motion for Compassionate Release. (ECF No. 336.) The Government filed an opposition. (ECF No. 343.) Defendant did not file a timely reply. For the reasons set forth below, the Court DENIES Defendant's motion.

///
///
///
///
///
///
///
///

1

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

On August 17, 2017, Defendant pleaded guilty to conspiracy to distribute and to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1). (ECF Nos. 116, 118.) On March 15, 2018, the Court sentenced Defendant to a 252-month term of imprisonment to be followed by a 60-month term of supervised release. (ECF Nos. 164, 168.) Defendant is currently serving his sentence at FCI Herlong. He has served approximately 82 months of his 252-month sentence of imprisonment, and his projected release date with good conduct time is May 28, 2033. (*See* ECF No. 343-1.)

On May 16, 2022, Defendant filed the instant *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 336.) Defendant asserts that his rehabilitation, the conditions of confinement during the COVID-19 pandemic, the withholding of First Step Act credits, and the sentencing factors warrant a time served sentence. (*Id.*)

**II.  ANALYSIS**

    A.  Exhaustion

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010). The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule. However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

In the instant case, it is undisputed that Defendant made a request to the warden in November 2021. (ECF No. 336 at 20.) Because more than 30 days have elapsed since Defendant's request, Defendant has met the exhaustion requirement.

    B.  Extraordinary and Compelling Reasons

Despite having met the exhaustion requirement, Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a

sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Ninth Circuit recently held that "the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). The Ninth Circuit explained "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.* Accordingly, the Court relies on § 1B1.13 herein as persuasive authority.

        The Sentencing Commission's relevant policy statement on compassionate release identifies medical conditions that satisfy the "extraordinary and compelling" requirement. U.S.S.G. § 1B1.13, cmt. n. (1)(A). More specifically, the "extraordinary and compelling" requirement is met where a defendant is: (i) suffering from a terminal illness; or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the ageing process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.*

        Defendant does not provide records indicating that he suffers from any medical condition that makes him more vulnerable to COVID-19. Moreover, there are currently zero active inmate cases of COVID-19 at Defendant's facility. Federal Bureau of Prisons, *COVID-19 Coronavirus*, available at https://www.bop.gov/coronavirus (last visited June 22, 2022). While the Court commends Defendant on his rehabilitation efforts, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13, cmt. n.3. Further, the Court does not have jurisdiction over the BOP's discretionary decisions as to Defendant's time credits, nor is this motion the proper vehicle for Defendant's challenge to his conditions of confinement. *See Smallwood v. Thompson*, No. 2:21-CV-0641-JAM-DMC, 2021 WL 5112663, at *3 (E.D. Cal. Nov. 3, 2021), *report and recommendation adopted*, No. 2:21-CV-0641-JAM-DMC, 2021 WL 6113789 (E.D. Cal. Dec. 27, 2021); *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016).

      Accordingly, the Court finds Defendant has not demonstrated "extraordinary and compelling" reasons for his release.

          C.      18 U.S.C. § 3553(a) Factors

      Even if the Court found "extraordinary and compelling" reasons for Defendant's release, the Court would nonetheless deny Defendant's motion based on the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors. *See* 18 U.S.C. § 3582(c)(1)(A) (requiring consideration of the § 3553(a) factors before granting compassionate release). According to the presentence report, the guideline range in this case was a term of imprisonment of 360 months to life. (ECF No. 140 at 18.) In requesting a time served sentence, Defendant is seeking a reduction from a well-supported, below-guideline, 252-month sentence to a considerably lower 82-month sentence. Based on the record before the Court, the § 3553(a) factors — particularly the nature and circumstances of this drug trafficking crime and Defendant's significant criminal history — do not support such a drastic reduction.

      **III.**    **CONCLUSION**

      For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Compassionate Release. (ECF No. 336.)

      IT IS SO ORDERED.

DATED: June 23, 2022

                                                            Troy L. Nunley
                                                            United States District Judge